## UNITED STATES v. McINTYRE.

(Circuit Court of Appeals, Ninth Circuit.
April 6, 1925.)

No. 4424.

**1. Habeas corpus ⊚⊐94—Province of court in proceeding for discharge from imprisonment imposed at court-martial stated.**

In habeas corpus proceedings for discharge from imprisonment to which petitioner was sentenced at court-martial on charge of desertion, the court is not concerned with the merits of the case, but may inquire into jurisdiction of military tribunal.

**2. Army and navy ⊚⊐44(2)—Military tribunal has no jurisdiction, where accused is not in military service.**

Military tribunal has no jurisdiction to impose sentence on one who is not in military service.

**3. Evidence ⊚⊐83(1)—Proof of actual physical mailing of letter unnecessary, where there is official record of such fact.**

In habeas corpus proceeding for discharge from imprisonment, to which petitioner was sentenced by military tribunal at court-martial for failure to report as draft registrant, under Act May 18, 1917 (Comp. St. §§ 2019a, 2019b, 2044a–2044k), involving issue as to whether petitioner had received the notice of induction into service, because of failure to report, proof of the actual physical mailing of the letter was unnecessary, in view of the official record of the fact.

**4. Army and navy ⊚⊐20—Government not required to prove actual receipt by delinquent draft registrant of notice of induction into service.**

In habeas corpus proceeding for discharge from imprisonment, to which petitioner was sentenced by military tribunal at court-martial for failure to report as draft registrant, under Act May 18, 1917 (Comp. St. §§ 2019a, 2019b, 2044a–2044k), involving issue as to whether petitioner had received the notice of induction into service, because of failure to report, the government was not required to prove the actual receipt of such notice under Regulations of November 28, 1917, § 133, though notice was sent prior to amendments of September 18, 1918, declaring the mailing of the notice to constitute the giving of notice, in view of section 157.

**5. Army and navy ⊚⊐38—Draft registrant's failure to report for military service did not make him a deserter, unless accompanied by intent to evade service.**

Mere failure of draft registrant, under Act May 18, 1917 (Comp. St. §§ 2019a, 2019b, 2044a–2044k), to report for military duty, did not make him a deserter under the regulations, but failure to report must have been with intent to evade military service.

**6. Habeas corpus ⊚⊐92(1)—Whether failure of draft registrant to report was with intent to evade military service was question for military tribunal.**

In habeas corpus proceedings for discharge from imprisonment, to which petitioner was sentenced at a court-martial for failure to report for military service after notice of induction into service, under Act May 18, 1917 (Comp. St. §§ 2019a, 2019b, 2044a–2044k), question of whether petitioner's failure to report was with intent to evade military service was a question for the military tribunal.

**7. Army and navy ⊚⊐49—Findings and sentence of military court, in proceeding of which it had jurisdiction, not subject to review by civil court.**

Findings and sentence of military court, in proceeding of which it had full and complete

jurisdiction, are not subject to review in civil courts.

Appeal from the District Court of the United States for the District of Montana; Charles N. Pray, Judge.

Habeas corpus proceedings by John McIntyre against the United States. From an order of discharge, the United States appeals. Reversed, with instructions.

John L. Slattery, U. S. Atty., and W. H. Meigs, Asst. U. S. Atty., both of Helena, Mont., and Francis A. Silver, Asst. U. S. Atty., of Butte, Mont. (Maj. Gen. J. A. Hull, Judge Advocate General, of Washington, D. C., of counsel), for the United States.

Lamb & Malloy, of Butte, Mont. (Dan T. Malloy, of Butte, Mont., of counsel), for appellee.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. This is an appeal from an order of discharge on habeas corpus. June 5, 1917, the appellee registered for the draft, under Act May 18, 1917 (40 Stat. 76 [Comp. St. §§ 2019a, 2019b, 2044a–2044k]), at Butte, Mont., giving his home address as 7 West Pacific street, in that city. December 29, 1917, a questionnaire was mailed to him at that address, and was by him returned on January 5, 1918. The appellee was classified as class 1A, and on May 11, 1918, was reported to the Adjutant General of the state as delinquent. May 17, 1918, form known as 1014 was mailed to him at his home address, directing him to report to the Adjutant General by mail, telegraph, or in person, not later than 5 p. m. on May 28, 1918, and stating that "unless, upon your so reporting to this office, orders rescinding the present order are issued, then from and after the date just specified you shall be in the military service of the United States." The appellee, failing to report as directed, was thereafter apprehended and arraigned before a general court-martial on the charge of desertion from the military service of the United States. The trial resulted in conviction and sentence of dishonorable discharge and imprisonment. The present proceeding was thereafter instituted in the court below to obtain a discharge from such imprisonment.

[1-3] We are not here concerned with the merits of the case, or with the guilt or innocence of the appellee. We may, however, inquire into the jurisdiction of the military tribunal, and, if the appellee was never in the military service of the United States, that tribunal was without jurisdiction. The court below found that there was no competent proof of the mailing of the notice of induction into the military service of the United States by the Adjutant General, and that any presumption that might arise from the fact of mailing was overcome by the proofs offered by the appellee. We are unable to agree with the court below that there was no competent proof of mailing. The Adjutant General testified that the requisite notice was mailed, and there was no testimony to the contrary. It may be that the witness was testifying from the records in his office, and not from facts within his personal knowledge; but, if so, that fact does not appear from the record before us. His testimony as to the mailing was direct and positive. Furthermore, "it was not necessary to prove the actual physical mailing of the letter, in view of the official record of the fact." United States v. Bullard (C. C. A.) 290 F. 704, 711. If it was incumbent on the government to prove the actual receipt of the notice by the appellee, we would feel constrained to accept the finding of the court below on that issue; but was such proof necessary or indispensable, in order to show that the appellee had been inducted into the military service of the United States?

Section 133 of the Regulations promulgated November 28, 1917, provided that, upon receipt of the report of delinquency from the local boards, the Adjutant General of the state should forthwith notify the persons named therein to report to him for instructions, by mail, telegraph, or in person, not later than a day and hour to be specified in the notice, which day and hour should not be less than 10 days from the date of the notice. The day and hour should be specified by the Adjutant General of the state as the day and hour from and after which the registrants should be in the military service of the United States, unless, upon the registrant reporting as ordered, the Adjutant General should stay or rescind such order into military service. If the order into military service was not stayed or rescinded by the Adjutant General by a subsequent order prior to the arrival of the day and hour so specified, then from and after the day and hour so specified such person should be in the military service of the United States, and after the arrival of such day and hour the Adjutant General of the state was without power to stay or rescind the order.

Section 157 of the same regulations provided for the mailing of a like notice for the like purpose by local boards, and it was therein expressly provided that: "From and after the day and hour thus specified each such registrant shall be in the military service of the United States, and either the entry of such date after the name of any such registrant on the classification list or the mailing to any such registrant of the order into military service as provided in this paragraph shall constitute the giving of notice to such registrant that from and after such day and hour he will be in the military service of the United States, and of his duty to report to the local board at the hour and on the day specified."

[4] It will thus be seen that the mailing of the notice by the local board under section 157 was declared to be the giving of notice; whereas, no such provision was found in section 133, where the notice was mailed by the Adjutant General. By the amendments of September 18, 1918, section 133 was made to conform to section 157. The notice in this case was mailed prior to the amendments of September 18, and for that reason it is claimed that the notice was ineffectual, unless actually received by the registrant. We cannot accept this view. Manifestly it was not the intention of the President to give greater consideration to a delinquent than to one who was not delinquent, or to give less effect to the mailing of a notice by the Adjutant General than to the mailing of a like notice by the local board. Both notices were mailed for the same purpose and were intended to accomplish the same result, namely, the induction of the party to whom the notice was addressed into the military service of the United States from and after the day specified. This may seem a harsh construction of the regulations, but it is justified by the exigencies of the case. Ex parte Bergdoll (D. C.) 274 F. 458; United States v. Bullard, supra.

In both of these cases the notice was mailed by the Adjutant General of the state under the old or first regulations. In the former, the court said: "However, a study of the Selective Service Act and the rules promulgated by the President by authority thereof for its enforcement, as above set forth, having in mind the magnitude of the task undertaken, the necessity for speedy action, and the desire of all loyal citizens to accomplish results, convinces my mind it was intended by the law-making power constructive service by the use of the postal service department in the giving of notice by the administrative boards and officers charged with and engaged in the enforcement of the act should be deemed in law sufficient, and that actual personal notice of service of such formal orders as forms 1014 and 1015 S. S. R. is not required by the act. The case of Farley v. Ratliff (C. C. A.) 267 F. 682, is strongly relied upon by petitioner as holding a contrary doctrine. However this may be, I am constrained to the view, as expressed above, the law-making power did not contemplate actual personal notice should be required, but, on the contrary, constructive service through the postal department of the government should be held sufficient."

In the latter, the Circuit Court of Appeals for the Second Circuit said: "Even though the appellee was not at home to receive the notice, mailing it to him complied with the law, and he was liable to immediate induction into military service. The notice provided for was a post card notice. Selective Service Regulations, §§ 5, 286. It was not required to be registered. No other notice than by mail was provided for. Actual personal notice was not provided for by the law. Ex parte Bergdoll (D. C.) 274 F. 458. It was found as a fact below that this notice was mailed April 15, 1918, to his last known address. We concur in that conclusion of fact. It is admitted in the traverse to the return herein that he failed to file his questionnaire. It was not necessary to prove the actual physical mailing of the letter in view of the official record of the fact."

[5, 6] Furthermore, the mere failure to report for military duty did not make the appellee a deserter under the regulations. The failure to report must have been with intent to evade military service, and whether that intent existed or not was for the military tribunal to decide.

[7] For the foregoing reasons, we are of opinion that the appellee was properly inducted into the military service of the United States; that the military court had full and complete jurisdiction of the offense, and its findings and sentence are not subject to review in civil courts.

The judgment of the court below is therefore reversed, with instructions to remand the appellee into the custody from which he was taken.